IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JULIO RAMOS, et al.,<br><br>**Plaintiffs**,<br><br>v.<br><br>WILLERT HOME PRODUCTS, INC.,<br><br>**Defendant.** | CIVIL NO. 22-1247 (RAM) |

### OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is defendant Willert Home Products, Inc.'s ("Willert" or "Defendant") *Motion to Dismiss* (the "*Motion*"). (Docket No. 14). The plaintiffs in this action are Julio E. Ramos, Margarita Brás Vilella, and the conjugal partnership composed by them ("Plaintiffs").[1] Plaintiffs allege Defendant violated Puerto Rico's Sales Representative Act, commonly known as Law 21, when it terminated the parties' sales representative agreement without just cause. (Docket No. 30 at 7-10). Alternatively, Plaintiffs seek damages "under the traditional contractual provision of the Civil Code of Puerto Rico." Id. at 9.

---

[1] The *Complaint* also lists J. Ramos & Assoc. as a plaintiff in this case. (Docket No. 1 at 1). However, the Puerto Rico Corporate Registry shows that J. Ramos & Assoc. was canceled in 2014, and thus has no standing to sue. (Docket No. 27 at 1). After several opportunities to amend their jurisdictional allegations, Plaintiffs clarified, and the *Amended Complaint* reflects, that Julio E. Ramos, Margarita Brás Vilella, and their conjugal partnership are the real parties in interest in this case. (Docket Nos. 28; 30 at 1-2).

For the reasons detailed below, the *Motion* is **GRANTED**, and this action is **DISMISSED** in its entirety.

## I. FACTUAL BACKGROUND[2]

Approximately forty years ago, Plaintiffs and Defendant entered into an agreement whereby Plaintiffs would distribute and sell Defendant's products in Puerto Rico and the Dominican Republic. (Docket No. 30 ¶ 8). Pursuant to that agreement, Plaintiffs have developed, promoted, and expanded the market for Defendant's products in Puerto Rico by marketing Defendant's products to clients, following up on orders, and arranging the shipment of orders. Id. ¶ 10.

On December 30, 2011, Plaintiffs and Puerto Rico Supplies Group, Inc. ("PRSG") entered into a Distribution Contract Purchase Agreement (the "PRSG Agreement"). Id. ¶ 12. As the name suggests, PRSG purchased Plaintiffs' right to distribute Defendant's products in Puerto Rico. Id. However, Plaintiffs retained their sales responsibilities. Id. ¶ 15. Pursuant to the PRSG Agreement, PRSG coordinated, processed, and submitted product orders to Plaintiffs. Id. Plaintiffs then coordinated the processing and shipment of those products directly with Defendant, and Defendant

---

[2] The Court's factual recitation is taken from Plaintiffs' allegations in the *Amended Complaint*, the content of which must be accepted as true at this stage of the proceedings. See Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). Per an agreement between the parties, the Court did not order the parties to resubmit their motions and briefs after the *Amended Complaint* was filed. (Docket No. 32).

paid Plaintiffs a commission for their services. Id.

Recently, Willert has engaged in a series of practices that have impaired its business relationship with Plaintiffs, including selling products in Puerto Rico through other third-party representatives and increasing the price of products without first consulting with Plaintiffs. Id. ¶ 16. On November 17, 2021, Defendant officially notified Plaintiffs via email that their sales relationship would conclude at the end of that year. Id. ¶ 17. According to the email, the change was part of a larger business strategy shift for Defendant, in which it was hiring more internal sales staff and ending relationships with third-party sales representatives. Id. The parties attempted to salvage their relationship over the ensuing months, to no avail. Id. ¶¶ 18-25. Plaintiffs thus initiated the present action.

## II. APPLICABLE LAW

### A. Motion to Dismiss Standard

When ruling on a Rule 12(b)(6) motion, "[t]he sole inquiry . . . is whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiffs, the complaint states a claim for which relief can be granted." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 7 (1st Cir. 2011). The Court must first "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership

Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citations omitted). Then, the Court takes "the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor," to determine "if they plausibly narrate a claim for relief." Id. (citations omitted).

### B. Law 21 – Puerto Rico Sales Representative Act

The Puerto Rico legislature enacted Law 21 in 1990 "to protect sales representatives from the unjust termination of their contracts." IOM Corp. v. Brown Forman Corp., 627 F.3d 440, 445 (1st Cir. 2010). The statute provides that "no principal or grantor may terminate [their principal-sales representative] relationship, or directly or indirectly perform any act that may impair the established relationship, or refuse to renew [their] contract upon its regular termination, except for just cause." P.R. Laws Ann. tit. 10, § 279a. If the principal terminates or impairs the sales representation contract without just cause, it is liable for damages pursuant to a set of criteria set forth in the statute. Id. § 279c. Additionally, "Law 21 provides a sales representative with a provisional remedy pending litigation to continue in all its terms the relation established by the sales representative agreement and/or to enjoin the principal from making any act or omission in prejudice thereof." Rotger v. Micro-Vu Corp., 2010 WL 11545644, at *5 (D.P.R. 2010) (citing, *inter alia*, P.R. Laws Ann. tit. 10, § 279e).

The statute defines a sales representative as "[a]n independent entrepreneur who establishes a sales representation contract of an exclusive nature, with a principal or grantor, and who is assigned a specific territory or market, within the Commonwealth of Puerto Rico." P.R. Laws Ann. tit. 10, § 279(a). The Supreme Court of Puerto Rico has further clarified that a sales representative is:

> [A] business intermediary who: (1) exclusively promotes and processes contracts on behalf of a principal in an ongoing, stable manner; (2) operates in a defined territory or market; (3) is responsible for creating or expanding the market for the principal's products through promotional efforts; (4) receives commissions for his services or a pay previously agreed upon by the parties; and (5) operates as an independent merchant.

IOM Corp., 627 F.3d at 446 (citing Cruz-Marcano v. Sánchez-Tarazona, 172 D.P.R. 526 (2007)). A sales representation contract is defined as:

> The agreement established between a sales representative and a principal, through which, and regardless of the way in which the parties establish, delineate or formalize said agreement, the party of the first part commits himself to making a reasonable effort and due diligence in the creation or expansion of a market which is favorable for the products that the principal sells, directed at capturing clientele to offer it a product or service marketed by him in Puerto Rico, and the party of the second part is bound to comply with the commitments that may result from the sales representative's efforts and coordination and to pay the previously-accorded commission or remuneration.

P.R. Laws Ann. tit. 10, § 279(c). Further, while Law 21 does not define exclusivity, the First Circuit has stated that "[t]he exclusivity requirement is met where neither the principal merchant nor third parties are allowed to sell the product in the same territory or market in which the sales representative operates." Id. at 448.

Importantly, Law 21 cannot be applied retroactively. Mueller Streamline Co. v. Rafael Rodriguez Barril, Inc., 2014 WL 2946023, at *3 (D.P.R. 2014). Therefore, "[a]n essential element of a Law 21 claim is the existence of a 'sales representation contract' that is formed *after* December 5, 1990." Tavarez v. Champion Prod., Inc., 903 F. Supp. 268, 272 (D.P.R. 1995) (citation omitted) (emphasis in original).

### III.  DISCUSSION

**A. Plaintiffs Fail to Adequately Plead a Law 21 Claim**

Counts One, Two, Three, and Five of the *Amended Complaint* seek relief pursuant to Law 21. (Docket No. 30 at 7-10). However, for the reasons addressed below, the *Amended Complaint* does not state a plausible Law 21 claim.

1. Law 21 Does Not Apply Extraterritorially

As a preliminary matter, it is unclear whether Plaintiffs seek relief under Law 21 for Defendant's termination of the parties' business relationship in the Dominican Republic. To that end, the *Amended Complaint* mentions on multiple occasions the

parties' dealings in the Dominican Republic and notes that Defendant terminated that relationship in its November 17, 2021 letter. Id. at 4-5. If Plaintiffs do seek such relief, their Law 21 claims for any business conducted outside of the Puerto Rico market are **DISMISSED**. Law 21's plain text limits its scope to the Puerto Rico market, as it defines a "sales representation contract" as an agreement "directed at capturing clientele to offer it a product or service marketed by [the sales representative] *in Puerto Rico*[.]" P.R. Laws Ann. tit. 10, § 279(c) (emphasis added). For this reason, it is well established that Law 21's "protection does not extend beyond the island's geographical boundaries." Alina & A Tours, Inc. v. Royal Caribbean Cruises, Ltd., 2006 WL 897975, at *1 (D.P.R. 2006). Thus, any Law 21 claims based on conduct that occurred in the Dominican Republic are not viable.

### 2. Plaintiffs Fail to Plead That They Were Defendant's *Exclusive* Sales Representatives

The remaining Law 21 claims concerning the termination of the parties' business relationship in Puerto Rico must also be dismissed because Plaintiffs fail to plead that they were Willert's *exclusive* sales representatives. As noted above, Law 21 only protects sales representatives who exclusively promote and process contracts on behalf of a principal. (*See infra* § II.B). Exclusivity in this context means that "neither the principal merchant nor third parties are allowed to sell the product in the same territory

or market in which the sales representative operates." IOM Corp., 627 F.3d at 448 (citation omitted). As the First Circuit has noted, "[e]xclusivity is generally apparent either from the contract or from the arrangements agreed upon between the parties." Id. (internal quotation marks and citations omitted). A plaintiff seeking relief pursuant to Law 21 must do more than merely mention "the exclusivity requirement in a conclusory and casual fashion." Id. at 448-49. Here, Plaintiffs fail to provide any substantive factual allegations to adequately plead exclusivity through their contract or through a course of dealing with Willert.

> *i. Exclusivity By Contract*

First, Plaintiffs do not allege that any agreement they signed with Willert expressly made them the exclusive sales representative for Willert's products in the Puerto Rico market. Instead, they assert that their relationship with Willert was governed by an agreement arranged approximately forty years ago, and then state in conclusory fashion that "[s]ince the beginning of that agreement until 2011, plaintiff was the exclusive distributor for [Willert] in Puerto Rico." (Docket No. 30 ¶ 8). Plaintiffs did not attach this agreement to the *Amended Complaint* or cite from any of its terms. The Court cannot infer from these allegations that Plaintiffs contracted for the express right to be Willert's exclusive sales representative on the island. Therefore, exclusivity is not apparent from the parties' contract. *See* IOM

Corp., 627 F.3d at 448.

>    *ii. Exclusivity By Course of Dealing*

Second, the *Amended Complaint* does not adequately allege that there was exclusivity through any "arrangements agreed upon between the parties." Id. Instead, Plaintiffs merely allege that, for approximately forty years, they were Defendant's *only* sales representative in Puerto Rico. This is an important distinction, as "there is a difference between being the *only* sales representative selling certain products in one entire market without an intention for exclusivity, and being the *exclusive* sales representative of those same products in that same market." Valentin v. White Rose, Inc., 993 F. Supp. 2d 77, 86 (D.P.R. 2014) (emphasis added). To survive a motion to dismiss, a plaintiff must do more than allege they were the defendant's only sales representative over a period of time. A complaint must contain factual allegations that plausibly assert an intentionally exclusive course of dealing. *See* id. ("[T]he fact that Plaintiff may have been Defendant's only sales representative from 1998 to 2011 does not necessarily render him Defendant's exclusive sales representative without factual allegations that would meet the plausibility requirement for the exclusivity element of a Law 21 cause of action."). Here, the *Amended Complaint* does not mention any discussions between Plaintiffs and Defendant regarding exclusivity or any instances where a third-party sales

representative attempted to enter the market and the parties rebuffed them. Without such factual allegations, the Court cannot infer exclusivity through a course of dealing.

Additionally, the nature of Plaintiffs' relationship with PRSG undermines any inference that Plaintiffs were Willert's exclusive sales representatives after 2011. As noted above, Law 21 protects sales representatives who "exclusively promote[] and process[] contracts on behalf of a principal in an ongoing, stable manner[.]" IOM Corp., 627 F.3d at 446. According to the *Amended Complaint*, after 2011, "Mr. Ramos [worked] with PRSG to create or expand the market for [Willert] products in Puerto Rico, and engage in promotion of the products." (Docket No. 30 ¶ 15). The terms of the PRSG Agreement further support this combined promotional effort, stating that the parties would work together "toward achieving agreed sales volume of the Willert products." (Docket No. 14-1 at 2).[3] Additionally, the PRSG Agreement states that Plaintiffs "*may* continue to act as representative for Willert in Puerto Rico," a far cry from evincing that Plaintiffs were the sole sales representatives in the territory following this contract. (Docket No. 14-1 at 2) (emphasis added). Simply put, the

---

[3] The Court can consider the PRSG Agreement without converting the *Motion* into a motion for summary judgment, as the PRSG Agreement was sufficiently referred to in the *Amended Complaint*. *See* In re Fid. Erisa Fee Litig., 990 F.3d 50, 53-54 (1st Cir. 2021) ("When a complaint expressly cites and relies upon a written contract in support of a claim, the drafter of the complaint cannot prevent the court from considering the written contract in ruling on a motion under Rule 12(b)(6).") (citing Beddall v. State St. Bank and Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998)).

relationship between Plaintiffs and PRSG further precludes the Court from inferring from the conclusory allegations in the *Amended Complaint* that Plaintiffs were Willert's exclusive sales representatives in Puerto Rico.

Finally, the Court cannot infer exclusivity simply from the fact that Willert paid sales commissions to Plaintiffs. The First Circuit has found that even the payment of an override commission on all direct sales by a principal does not render an agreement exclusive absent additional factual allegations concerning exclusivity. *See* Med. Books In Print, Inc. v. Harcourt, Inc., 93 F. App'x 240, 241 n.1 (1st Cir. 2004). "The essence of a non-exclusive agreement is that the [principal] retains the right to sell its wares to others, including other [representatives], as it sees fit." Id. Allegations concerning commission payments do not, on their own, help the Court discern whether Willert retained the right to sell its wares to others in Puerto Rico.

In summary, the *Amended Complaint* cannot survive the pending *Motion* because it does not adequately allege that Plaintiffs were the exclusive sales representative for Willert in Puerto Rico, either through the express terms of a contract or through an arrangement agreed upon between the parties. Plaintiffs' allegations that they were the only sales representative during the relevant period or that they were paid sales commissions, without more, are insufficient to state a plausible Law 21 claim.

### 3. Law 21 Only Applies to Contracts Formed After December 5, 1990

In addition to failing to properly plead exclusivity, Plaintiffs do not plead that they entered their commercial relationship with Defendant after the enactment of Law 21. As noted above, it is well settled that Law 21 "cannot be retroactively applied" to a commercial relationship that was entered into before its enactment. Mueller Streamline Co., 2014 WL 2946023, at *3. Therefore, "[a]n essential element of a Law 21 claim is the existence of a 'sales representation contract' that is formed *after* December 5, 1990" – the date Law 21 was enacted. Tavarez, 903 F. Supp. at 272 (citation omitted) (emphasis in original). Consequently, to state a plausible Law 21 claim when the parties' relationship began before December 5, 1990, a plaintiff must allege that there was "an express novation, an incompatible change from the old contract, or the existence of a new contract after" December 5, 1990. Id. A Law 21 claim will be dismissed as a matter of law if the parties simply "continued the same commercial relationship [predating December 5, 1990] without any significant alteration in the terms of the agreement." Id.

In the case at bar, Plaintiffs repeatedly emphasize that their commercial relationship with Willert is governed by an agreement the parties entered into "almost 40 years ago" – *i.e.*, before 1990. (Docket No. 20 at 10) (explaining that the applicable sales

representation contract between Ramos and Willert "took place almost 40 years ago"); (Docket No. 26 at 3) (same); (Docket No. 30 ¶ 8). Plaintiffs do not allege that this agreement changed in any material way over the past forty years. They even underscore that the PRSG Agreement did not change their relationship with Willert because Willert was not a party to that agreement. (Docket No. 20 at 10) (stating that, "[a]lthough [Willert] approved the [PRSG Agreement], it was not part of the PRSG Agreement" and referring to the PRSG Agreement as "irrelevant" to this analysis); (Docket No. 26 at 3) (same). Plaintiffs' allegations concerning the duration of their relationship with Willert are simply incompatible with one of the key elements of a Law 21 claim. This is another reason that the *Amended Complaint* must be dismissed.

### B. Plaintiffs' Breach of Contract Claims Must Be Dismissed

Having determined that Plaintiffs' Law 21 claims must be dismissed, the Court turns to Plaintiffs' alternative breach of contract claims. Plaintiffs allege that they suffered damages because of Willert's "bad faith termination of [the parties'] existing commercial relationship," and thus are entitled to compensation "under the traditional contractual provision of the Civil Code of Puerto Rico." (Docket No. 30 ¶¶ 41-44). However, these state law breach of contract claims – which are predicated on Willert terminating the parties' business agreement without just cause – are insufficient for a simple reason. (Docket Nos. 20

at 18; 26 at 7). Under Puerto Rico law, in the absence of the protection of a particular law such as Law 21, a contract without a fixed term is terminable at will. *See, e.g.*, Distribuidora VW, Inc. v. Old Fashioned Foods, Inc., 84 F. Supp. 3d 82, 89-90 (D.P.R. 2014); Quality Const. Chemicals, Corp. v. Sika Corp., 389 F. Supp. 2d 246, 252 (D.P.R. 2005). Plaintiffs neither plead a fixed term of duration in the *Amended Complaint* nor insinuate in their briefs that their contract with Willert had a fixed term. (Docket Nos. 20 at 16-18; 26 at 7; 30). Additionally, they did not move to amend the *Complaint* after Defendant raised this very point in its brief in support of the *Motion*. (Docket No. 14 at 12). Therefore, Plaintiffs have merely alleged that Willert terminated a contract – that it could legally terminate at will – without just cause. Thus, the breach of contract claims must be **DISMISSED**, as Willert did not need just cause to terminate the contract under Puerto Rico law.

## IV.   CONCLUSION

For the foregoing reasons, the *Motion* is **GRANTED,** and the *Amended Complaint* is **DISMISSED WITH PREJUDICE** in its entirety. Plaintiffs fail to plead that they were Defendant's exclusive sales representatives or that their relationship with Defendant began or was amended after Law 21 was enacted. Additionally, their claims regarding activities that took place in the Dominican Republic fall beyond the scope of Law 21. Finally, Plaintiffs' breach of

contract claims, pled in the alternative to the Law 21 claims, are insufficient for failure to plead a fixed contract term. Judgment of dismissal shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of January 2023.

<u>S/RAÚL M. ARIAS-MARXUACH</u>
UNITED STATES DISTRICT JUDGE